MICHAEL A. SAGARESE, RELATOR, v. ALBERT H. HOLLAND, JUDGE OF THE COURT OF COMMON PLEAS OF THE COUNTY OF MORRIS, AND E. BERTRAM MOTT, CLERK, RESPONDENTS.

Submitted May 3, 1938—Decided August 16, 1938.

Before Justice CASE, DONGES and PORTER.

For the relator, *Michael A. Sagarese, pro se.*

For the respondents, *Elmer S. King.*

The opinion of the court was delivered by

PORTER, J.   It appears that at the general election held on November 2d, 1937, the relator was elected justice of the peace in the first ward of the town of Morristown, county of Morris.   April 20th, 1938, was the date fixed for those elected to qualify.   Relator presented himself before Judge Holland for that purpose and submitted his bond for approval.

The statute, *Rev. Stat.* 2 :9-3, provides:   "No person who has been convicted of a misdemeanor or higher crime shall qualify as a justice of the peace."   The statute, *Rev. Stat.* 2 :9-4, further provides that a person elected as justice of the peace shall qualify by filing bond and "by making an affidavit that he has not been convicted of a misdemeanor or higher crime."

When the relator appeared before Judge Holland on April 20th, 1938, he refused to make such affidavit, but offered to

make one to the effect that he had not been convicted of a misdemeanor or higher crime "that deprives him of his citizenship, right to vote, and to be elected to office." Whereupon the judge declined to consider the application for approval of the bond and the clerk refused to administer the oath of office.

The relator applies for a writ of *mandamus* directing that the respondents approve relator's bond and permit him to be sworn into office and qualify as justice of the peace.

The question thus raised for solution is whether the statute requiring a justice of the peace to take affidavit that he has not been convicted of a misdemeanor or higher crime is valid or not.

The relator contends that the statute violates the provision of the constitution concerning the election of justices of the peace. We think not. Paragraph 8, section 2 of the amended constitution reads as follows: "Justices of the peace shall be elected by ballot at the annual meeting of the townships in the several counties of the state, and of the wards in cities that may vote in wards, in such manner and under such regulations as may be hereafter provided by law."

In pursuance with this provision of the constitution the legislature provided for the manner of the elections and then made regulations that bonds be given, oaths be administered before a given date, and further, what qualifications were necessary and, in effect, disqualifying persons from holding the office who had been convicted of crime or misdemeanor.

It is of great public importance that only men of character hold the office of justice of the peace. It is to safeguard the public that they are required to give bond. In order to further serve the public interest, regulation is made by statute that previous conviction of crime or misdemeanor will act as a disqualification. These, we think, are proper regulations authorized by the quoted provision of the constitution.

Concluding that the statute is a valid exercise of legislative authority the application for the writ will be denied.